It, therefore, follows that the finding and judgment of the Court of Common Pleas are hereby affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.

REFFNER *v.* ZIMMERMAN ET AL.

(Decided November 13, 1934.)

*Messrs. Amer, Sophrin & Cunningham* and *Mr. Frederick D. Schell*, for plaintiff in error.
*Messrs. Devor & Devor*, for defendants in error.

LEMERT, J. This cause comes into this court upon a petition in error from the Court of Common Pleas of Ashland county, Ohio. The real complaint made by the plaintiff in error, Marie Reffner, is that the court below sustained a demurrer to the reply of the plaintiff to the answer which plaintiff filed to the cross-petition of defendant Harvey Hiner.

From the record submitted to us it appears that Eli A. Zimmerman died testate on or about the 5th day of July, 1923, and that items two and three of his will produce the pertinent issues involved in this litigation. These items are as follows: Item 2. I give, devise and bequeath all my property to my wife, Agnes A. Zimmerman, during her lifetime, with full control of same. Item 3. After the death of my wife, it is my will that my sons, Earl and Frank, shall have all my property, they to pay my daughter, Marie Zimmerman, $1,000, and my son, Floyd, $200, out of my estate, within one year after my wife's death.

At the time of his death, Eli A. Zimmerman left no personal property out of which the legacy left to Marie Zimmerman could be paid. He left certain real estate which is described in plaintiff's petition. On or about November 5, 1928, the widow of the decedent conveyed all her interest in these premises to her sons, Earl and Frank, who are the parties mentioned in Item 3 of the will. Thereafter, Earl and Frank Zimmerman, by various conveyances, duly transferred their interest in the premises, and their grantees duly transferred their interest in the premises, the title now being in one Harvey Hiner, a party defendant in this action.

It further appears that the legacy of Marie Zimmerman, who is now Marie Reffner, plaintiff in error herein, has never been paid. Marie Zimmerman, now Reffner, was a minor at the time of the death of her father. On November 27, 1925, a note was given to her by Earl and Frank Zimmerman in the sum of

$1,000, payable at the death of Agnes Zimmerman, to satisfy the legacy in the will of Eli A. Zimmerman. Marie Zimmerman was a minor at the time the note was given to her, and upon arriving at the age of maturity she disaffirmed the note, as well as a receipt that she had signed as a minor for the payment of said legacy. In the court below Harvey Hiner filed a demurrer to the reply of the plaintiff to the answer and cross-petition of the defendant, Harvey Hiner. The court below sustained the demurrers on the ground that the estate of Eli Zimmerman had not been settled in the Probate Court of Ashland county, and upon the refusal of the plaintiff to plead further the court dismissed the action in the court below.

From an examination of the whole of the record in this case we are in accord with the finding and judgment of the court below, but not upon the grounds stated by the court below in sustaining the demurrers. The language of Item 3 of said will is plain, clear and unambiguous, wherein it states that *after* the death of my wife it is my will that my sons, Earl and Frank, shall have all my property, they to pay my daughter, Marie Zimmerman, $1,000, my son, Floyd, $200, out of my estate, within one year *after* my wife's death. We are of the opinion that this action is prematurely brought by Marie Reffner, formerly Marie Zimmerman, and that said will makes it plain and clear that the thousand dollars is not payable to her until after the mother's death.

Entertaining these views, it follows that the finding and judgment of the Court of Common Pleas will be affirmed for the reasons hereinbefore stated.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.